IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| APRIL KAPAROKOS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:17-cv-354 |
| | ) | |
| ROBERT SMITH, et al., | ) | |
| et al., | ) | |
| Respondents. | ) | |

MEMORANDUM OPINION and ORDER

April Kaparakos by her counsel has submitted a petition for a writ of habeas corpus. For the reasons set forth below the petition will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Kaparakos was original convicted upon her plea of guilty and sentenced to four to twenty-three months incarceration to be followed probation on July 14, 2014 at CP-02-CR-9181-2014 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1]

She now seeks habeas corpus relief from this Court not based on her conviction or sentence but on the grounds that:

> The Pennsylvania Board of Probation and Parole unlawfully rescinded their prior grant of parole to Ms. Kaparakos. The Board's denial and rescission of parole was arbitrary, capricious and relied on false and unreliable information. This denial resulted in the deprivation of Ms. Kaparakos' due process rights.
>
> April Kaparakos has been incarceration on a probation violation since approximately November of 2015. On July 27, 2016 the Pennsylvania Board of Probation and Parole granted Ms. Kaparakos parole conditioned upon her completion of an approved plan. Ms. Kaparakos was close to completing the plan and being released from SCI Muncy when on August 28, 2016, a fellow inmate attacked Ms. Kaparakos. This incident caused the Pennsylvania Board of Probation and Parole to rescind their conditional grant of parole to Ms. Kaparakos and order that she serve the maximum sentence. The Pennsylvania Board

---

[1] See: Petition at ¶¶ 1-6.

of Probation and Parole's decision to rescind Ms. Kaparakos' parole occurred on November 17, 2016.[2]

In Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir.2005), cert. denied 545 U.S. 1149 (2005) it was held that "we conclude that claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of exhaustion" (footnote omitted).

Appended to its answer, the Commonwealth has provided documents supporting its actions:

> On July 27, 2016, the Board granted conditional parole dependent on completion of institutional programming and an approved plan. The maximum date was November 28, 2017. (Ex. 7, 8).
>
> On September 12, 2016, the Board noted that on August 28, 2016, petitioner incurred a Class I misconduct for fights and refusing to obey an order, and a thirty day period of disciplinary confinement was imposed effective August 28, 2016. (Ex. 11).
>
> On September 13, 2016, the Board rescinded its July 27, 2016 parole determination and directed that the petitioner serve her maximum sentence which expires on November 28, 2017. (Ex. 10).
>
> On September 23, 2016, the Department of Corrections denied petitioner's appeal from an institutional disciplinary action. (Ex. 9).
>
> On November 17, 2016, the Board formally rescinded its July 27, 2016 release order due to misconduct and denied parole with petitioner ordered to serve her unexpired maximum sentence which expires on November 28, 2017. (Ex. 12).

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the

---
[2] Id. at ¶ 12.

reasons for denying parole were based on the plaintiff's conduct inside the institution and not on some arbitrary basis such "race, religion, political beliefs, or ... frivolous criteria with no rational relationship to the purpose of parole such as the color of one's eyes, the school one attended, or the style of one's clothing." Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

In the instant case, it is clear that although Kaparakos was conditionally approved for parole on July 27, 2016, she never fulfilled the prerequisites for release because of her institutional infraction. Thus, she is not being denied release based on some arbitrary or capricious factors but rather as a result of her own misconduct. For this reason she is not incarcerated due to misapplication of any federal law as set forth by the Supreme Court or as a result of misconstruing that law, and is ineligible for relief here. 28 U.S.C. 2254(a).

Accordingly, the petition of April Kaparakos for a writ of habeas corpus will be denied, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

Filed: August 22, 2017                                s/ Robert C. Mitchell
                                                     United States Magistrate Judge

ORDER

AND NOW, this 22nd day of August, 2017, for the reasons set forth in the foregoing Memorandum Opinion, the petition of April Kaparakos for a writ of habeas corpus (ECF No. 1) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

    s/ Robert C. Mitchell
United States Magistrate Judge